Argued April 29, affirmed May 7, 1970

STATE OF OREGON, *Respondent, v.*
RICKY VERNON LEWIS,
*Appellant.*

468 P2d 899

*James H. Lewelling*, Newport, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Branchfield, Judges.

PER CURIAM

The defendant, who was a juvenile at the time of his conviction on a charge of burglary, makes two assignments of error on appeal.

The first question presented is whether a confession given by one who is a juvenile can be used against the juvenile in a criminal proceeding on remand from juvenile court when the juvenile and his parents have not been first advised that his case might be remanded from juvenile court to adult court where he would stand trial in a criminal proceeding.

■ A city policeman was approached by the distressed mother of the defendant who told him that the defendant was becoming very difficult to control. She asked him to find her son and bring him to the police station which he did within minutes, the defendant coming voluntarily. During a discussion (among the three of them) in the police station, the defendant's mother said that there were some matters which the defendant should "clear up." The officer then advised the defendant of his *Miranda* rights by reading to him a "rights card" which included the following: "Your answers can and may be used against you in a criminal proceeding." The defendant then waived his rights. The officer was clearly not a juvenile court counselor, he was a policeman in uniform at the police station. *State v. Gullings*, 244 Or 173, 416 P2d 311 (1966), holds that a statement by a juvenile made during custodial interrogation, which is preceded by *Miranda* advice and waiver of rights, is admissible in evidence in an adult criminal trial upon remand where it is made

clear to the juvenile by the advice rendered or by the nature of the situation that the police officer is not acting *in loco parentis*, but rather in his capacity as a police officer. Here the police-citizen relationship was clear to all concerned. Thus the statement taken from defendant was admissible and the trial court committed no error in receiving it. Cf. *State v. Phillips*, 245 Or 466, 422 P2d 670 (1967).

■ The remaining assignment of error, the contention that a unanimous jury is required to convict, has been decided *contra*. *State v. Gann*, 254 Or 549, 463 P2d 570 (1969); *State v. Plumes*, 1 Or App 483, 462 P2d 691 (1969), Sup Ct review denied, *cert granted*, — US —, — S Ct —, — L Ed 2d — (1970).

Affirmed.